IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

|  |  |
|---|---|
| WILLIE M. JENKINS,<br>　　1832 S Street, SE<br>　　Washington, D.C.  20020,<br><br>　　Plaintiff,<br><br>v.<br><br>JOSEPH NEE<br>　　6050 Park Wood Terrace<br>　　Burke, Virginia 22015,<br><br>and<br><br>THE DISTRICT OF COLUMBIA<br>　　HOUSING AUTHORITY,<br>　　1133 North Capitol Street, NE<br>　　Washington, DC  20002<br><br>　　SERVE: MICHAEL KELLY,<br>　　Executive Director,<br>　　1133 North Capitol Street, NE<br>　　Washington, DC  20002,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.  1:07-cv-1003-HHK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

**NATURE OF THE ACTION**

1.　This is an action brought for violations of plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and for unlawful racial discrimination in violation of 42 U.S.C. §§ 1981 and 1983.  Plaintiff seeks declaratory relief and compensatory and punitive damages in an amount to be proven at trial.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1343. This action arises under the Fourteenth Amendment to the United States Constitution, and under federal laws, 42 U.S.C. §§ 1981 and 1983.

3. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction to award plaintiff's attorneys' fees pursuant to 42 U.S.C. § 1988.

4. Venue is proper under 28 U.S.C. § 1391 in the District of Columbia District because this claim arose herein. Each and all of the acts alleged herein were done by the defendants under the color and pretense of state law, statutes, ordinances, regulations, or customs.

**PARTIES**

5. Plaintiff Willie Jenkins is an African-American citizen of the United States and a resident of the District of Columbia.

6. Defendant Joseph Nee is, upon information and belief, a citizen of the United States and a resident of the Commonwealth of Virginia. He is being sued in his personal capacity.

7. Defendant District of Columbia Housing Authority ("DCHA") is an instrumentality of the District of Columbia government, and is subject to suit for the acts described herein, either directly or under the doctrine of *respondeat superior*.

**STATEMENT OF FACTS**

8. Mr. Jenkins is employed by DCHA as a Utility Systems Operator.

9. Mr. Nee is an employee of DCHA.

10. Mr. Nee is being sued in his individual capacity herein.

11. On or about June 2005, Mr. Nee became Mr. Jenkins' second-line supervisor.

12. At that time and to the present, Mr. Jenkins' first-line supervisor is Christopher Stennett.

13. As Mr. Jenkins' second-line supervisor, Mr. Nee is vested under the laws of the District of Columbia with the power and authority, directly and indirectly, to affect the terms and conditions of Mr. Jenkins' employment.

14. Since becoming Mr. Jenkins' second-line supervisor, Mr. Nee has systematically imposed additional duties and obligations on Mr. Jenkins above and beyond Mr. Jenkins' duties as outlined in his job description.

15. These additional duties and obligations are imposed directly by Mr. Nee and through others under Mr. Nee's supervision.

16. The additional duties and obligations Mr. Nee imposes on Mr. Jenkins are calculated to humiliate, oppress, undermine, insult, and demean Mr. Jenkins.

17. Examples of the additional duties and obligations Mr. Nee imposes on Mr. Jenkins include, but are not limited to:

    a. Assigning Mr. Jenkins calls that would require him to work outside his normally scheduled work hours, if properly performed, thus placing Mr. Jenkins in a position where he must decide between finishing his assigned calls and ending his work day as required;

    b. Requiring Mr. Jenkins to travel to and from his calls following a particular route;

    c. Forbidding Mr. Jenkins from gassing up his pool vehicle at the motor pool, and instead instructing him to use his DCHA-issued credit card to purchase gasoline for his pool vehicle, even though there is no rule forbidding Mr. Jenkins from

   filling up at the motor pool;

d. Tracking Mr. Jenkins' movements throughout the working day, when his job level and job description only requires him to complete his assigned calls in an acceptable manner every day, when the only other DCHA employee whose movements are similarly tracked is also African-American;

e. Imposing a myriad of performance "requirements" on Mr. Jenkins not actually required by his job description nor by any other official policy or regulation of DCHA (*i.e.*, "nit-picking"), when Mr. Nee has no basis for believing that Mr. Jenkins is not performing his job properly;

f. Singling him out for public censure and reprimands for behavior that is not reprimanded in other employees, and that is not a transgression of any policy or rule of DCHA;

g. Talks to Mr. Jenkins in a demeaning manner in front of DCHA employees, addressing matters that are not legitimate job-related issues, such as the kind described above; and

h. Other actions similar to the ones described above.

## FIRST CLAIM

18. The averments of paragraphs 1-17 above are incorporated as if fully set forth herein.

19. Mr. Jenkins has rights secured by 42 U.S.C. § 1981 to make and enforce contracts on the same basis as white citizens.

20. Mr. Nee exercises power of which he is possessed by virtue of state law and which is made possible only because he is clothed with the authority of state law because of his

position within DCHA.

21. Mr. Nee acted under color of law to deny Mr. Jenkins equal protection of the laws, and to discriminate against him on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1983.

22. Mr. Nee violated plaintiff's clear Constitutional right to receive the same treatment as employees of other races, and to make and enforce contracts on the same basis as white citizens.

## SECOND CLAIM

23. The averments of paragraphs 1-22 above are incorporated as if fully set forth herein.

24. Mr. Jenkins has rights secured by 42 U.S.C. § 1981 to make and enforce contracts on the same basis as white citizens.

25. Mr. Nee exercises power of which he is possessed by virtue of state law and which is made possible only because he is clothed with the authority of state law because of his position within DCHA.

26. Mr. Nee acted under color of law to deny Mr. Jenkins equal protection of the laws, and to discriminate against him on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1983.

27. Mr. Nee violated plaintiff's clear Constitutional right to receive the same treatment as employees of other races, and to make and enforce contracts on the same basis as white citizens.

## THIRD CLAIM

28. The averments of paragraphs 1-27 above are incorporated as if fully set forth herein.

29. Mr. Jenkins has rights secured by 42 U.S.C. § 1981 to make and enforce contracts on the same basis as white citizens.

30. DCHA exercises power of which it is possessed by virtue of state law and which is made possible only because it is clothed with the authority of state law.

31. DCHA acted under color of law to deny Mr. Jenkins equal protection of the laws, and to discriminate against him on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1983.

32. DCHA violated plaintiff's clear Constitutional right to receive the same treatment as employees of other races, and to make and enforce contracts on the same basis as white citizens.

## FOURTH CLAIM

33. The averments of paragraphs 1-32 above are incorporated as if fully set forth herein.

34. Defendants' conduct toward Mr. Jenkins is extreme and outrageous, and shocks the conscience.

35. At all times relevant hereto, Defendants' conduct toward Mr. Jenkins was intentional or reckless.

36. Defendants' unlawful conduct toward Mr. Jenkins caused Mr. Jenkins to suffer severe emotional distress, and other damages.

## FIFTH CLAIM

37. The averments of paragraphs 1-36 above are incorporated as if fully set forth herein.

38. Mr. Nee has made untrue derogatory communications about Mr. Jenkins, both oral and written, to third parties.

39. Mr. Nee's comments about Mr. Jenkins hold Mr. Jenkins up to contempt or ridicule within DCHA.

40. Mr. Nee's comments about Mr. Jenkins have caused Mr. Jenkins injuries and damages.

## SIXTH CLAIM

41. The averments of paragraphs 1-40 above are incorporated as if fully set forth herein.

42. Mr. Jenkins is a member of the American Federation of Government Employees, Local 2725.

43. Local 2725 is a signatory to a collective bargaining agreement with DCHA governing, among other things, Mr. Jenkins' position.

44. Mr. Nee knows that the collective bargaining agreement exists.

45. By virtue of the actions against Mr. Jenkins as described herein, Mr. Nee has intentionally procured Mr. Jenkins' breach of the collective bargaining agreement.

46. Mr. Jenkins has suffered damages as a result of the breach.

## SEVENTH CLAIM

47. The averments of paragraphs 1-46 above are incorporated as if fully set forth herein.

48. If Mr. Jenkins continues to be subject to Mr. Nee's unlawful acts, Mr. Jenkins will suffer irreparable injury absent an injunction.

49. There would be little or no harm to Mr. Nee should an injunction issue.

50. Balancing the hardships of the parties, Mr. Jenkins will be harmed more in the absence of an injunction than Mr. Nee will be harmed if an injunction issues.

51. The public has a strong interest in ensuring that supervisors and employers do not harass and abuse their employees while invoking the mantle and authority of state law.

52. The public interest favors granting an injunction.

**RELIEF**

WHEREFORE, Plaintiff demands judgment:

A. Awarding him compensatory and punitive damages in an amount to be proven at trial;

B. Declaring that defendants violated his rights to nondiscriminatory treatment under the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983.

C. Enjoining defendants from continuing to discriminate on the basis of race in violation of the Fourteenth Amendment;

D. Awarding attorneys fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

E. Any other relief as to this honorable Court appears appropriate and just.

**JURY TRIAL REQUESTED**

Plaintiff requests a trial by jury on all issues so triable.


_____/s/ *Laura E. Jordan*_____
Laura E. Jordan, Esq., Bar No. 416707
Law Offices of Laura E. Jordan, P.C.
4702 Wisconsin Ave., N.W.
Washington, D.C. 20016
202-244-4600
facsimile: 202-244-4657

Date: March 31, 2008

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May ___8___, 2007.

_____*Willie M. Jenkins*_____
Willie Jenkins

8