IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIE M. JENKINS**, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No: |
| ) | 1:07-cv-01003-HHK |
| ) | |
| **JOSEPH H. NEE**, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

### DISTRICT OF COLUMBIA HOUSING AUTHORITY'S
### MOTION TO DISMISS

COMES NOW the District of Columbia Housing Authority ("DCHA") pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully requests this Court dismiss Plaintiff Willie M. Jenkins' First Amended Complaint against DCHA for failure to state a claim upon which relief may be granted. Specifically, DCHA requests the Court to dismiss Plaintiff's claims that DCHA deprived Plaintiff of his Constitutional rights in violation of 42 U.S.C. §§ 1981 and 1983 and that DCHA is liable to him for the tort of intentional infliction of emotional distress.

In further support of its Motion, DCHA submits the attached Memorandum of Points and Authorities and proposed order.

Wherefore the District of Columbia Housing Authority respectfully requests this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted and grant such further relief as it deems proper.

[SIGNATURE PAGE FOLLOWS]

1

Respectfully submitted,

Dated: June 6, 2008

*/S/: Curtis A. Boykin*

_____
Frederick A. Douglas, Esq. Bar No. 197897
Curtis A. Boykin, Esq. Bar No. 444120
Robert Dillard, Esq. Bar No. 492948
Douglas & Boykin PLLC
1850 M Street, NW Suite 640
Washington, D.C. 20036
(202) 776-0370
(202) 776-0975 fax
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2008, a true and correct copy of the foregoing Motion to Dismiss was sent, via electronic service, to:

Laura E. Jordan, Esq.
Law Offices of Laura E. Jordan
4702 Wisconsin Ave., NW
Washington, DC 20016
*Counsel for Plaintiff*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **WILLIE M. JENKINS**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No: |
|  | ) 1:07-cv-01003-HHK |
| **JOSEPH H. NEE**, *et al.,* | ) |
| *Defendants.* | ) |

**MEMORANDUM OF POINTS & AUTHORITIES
IN SUPPORT OF DISTRICT OF COLUMBIA HOUSING AUTHORITY'S
MOTION TO DISMISS**

**Introduction**

Plaintiff Willie M. Jenkins ("Plaintiff" or "Mr. Jenkins") has filed a seven-count Complaint against Joseph H. Nee ("Mr. Nee") and the District of Columbia Housing Authority ("DCHA") seeking declaratory and injunctive relief as well as damages. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, DCHA respectfully submits that Mr. Jenkin's complaint against DCHA must be dismissed as a matter of law. Specifically, in joining DCHA as a party in his Amended Complaint, Jenkins has failed to allege any additional facts demonstrating a purposeful intent of DCHA to discriminate against him on the basis of race under 42 U.S.C. §§ 1981 and 1983. Moreover, DCHA may not be held liable for the intentional tort of intentional infliction of emotional distress alleged to have been committed by one of its employees. Accordingly, accepting the allegations in the Amended Complaint as true, Mr. Jenkins has not pled allegations sufficient to establish a *prima facie* case of intentional

1

discrimination on the basis of race or of intentional infliction of emotional distress, and DCHA must be dismissed from this suit.

**Background**

The District of Columbia Housing Authority is the local housing authority in the District of Columbia responsible for administering the government subsidized and assisted housing programs within the District on behalf of the Department of Housing and Urban Affairs ("HUD"). Willie M. Jenkins is employed by DCHA as a Utility Systems Operator and Mr. Nee is Jenkins' second-line supervisor, a relationship that has existed since 2005. (Compl. at ¶ 11). Jenkins alleges that, since becoming his second-line supervisor, Mr. Nee has "systematically imposed additional duties and obligations on Mr. Jenkins above and beyond [his] duties as outlined in his job description." (Compl. at ¶ 14). He further alleges that these duties are designed to "humiliate, oppress, undermine, insult, and demean [him]." (Compl. at ¶ 16). Jenkins' Amended Complaint lists a number of additional duties and obligations imposed upon him solely by Mr. Nee or others under his supervision, including:

> e. Imposing a myriad of performance "requirements" on Mr. Jenkins not actually required by his job description nor by any other official policy or regulations of DCHA (*i.e.*, "nit-picking"), when Mr. Nee has no basis for believing that Mr. Jenkins is not performing his job properly;
>
> f. Singling him out for public censure and reprimands for behavior that is not reprimanded in other employees, and that is not a transgression of any policy or rule of DCHA;

(Compl. at ¶ 17a-f).

2

Because of these alleged actions by Mr. Nee, Jenkins claimed in his Complaint, lodged on **June 1, 2007**, that Mr. Nee violated his Constitutional rights under 42 U.S.C. §§ 1981 and 1983; that Nee intentionally caused him to suffer severe emotional distress; that Nee has defamed him by making untrue derogatory comments; that Nee has "intentionally procured [his] breach of the collective bargaining agreement" between the American Federation of Government Employees, Local 2725, and DCHA; and that he will suffer irreparable injury in the absence of an injunction. (Compl. at ¶¶ 18-43).

On **March 31, 2008**, Plaintiff amended his Complaint to add DCHA as an additional defendant.  Plaintiff identifies DCHA as an instrumentality of the District of Columbia government, and that it is subject to suit for the acts described herein, either directly or under the doctrine of *respondeat superior*. (Amend. Compl. at ¶ 7).  In addition to his original claims against Mr. Nee, Jenkins alleges that DCHA discriminated against him on the basis of race, in violation of 42 U.S.C. §§ 1981 and 1983, and intentionally caused him to suffer severe emotional distress.  (Amend. Compl. at ¶¶ 28-36).  For these reasons, Plaintiff claims that he is entitled to declaratory and injunctive relief and damages.  We respectfully disagree and submit that Plaintiff's Amended Complaint alleges no additional facts concerning DCHA.  As such, Plaintiff's Amended Complaint as to DCHA should be dismissed as a matter of law.

**Argument**

I. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WITH RESPECT TO 42 U.S.C. §§ 1981 AND 1983 AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

    A. **Standard for a Motion to Dismiss**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Mr. Jenkins' complaint against DCHA should be dismissed for failure to state a claim upon which relief can

3

be granted. Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the Court must accept the allegations in Mr. Jenkins' complaint as true and construe all facts in favor of the Jenkins. *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1027 (D.C. Cir. 1997). Dismissal of a complaint is proper under 12(b)(6) where "[Mr. Jenkins] can prove no set of facts in support of [his] claim which would entitled [him] to relief." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. 2003).

### B. Plaintiff may not alleged a deprivation of rights by DCHA under 42 U.S.C. § 1983 on the basis of *respondeat superior*.

In his First Amended Complaint, Mr. Jenkins contends that he is subject to a number of objectionable additional duties and obligations imposed upon him by Mr. Nee that are designed to humiliate, oppress, undermine, insult, and demean him. Moreover, Plaintiff is very careful to point out that such allegedly wrongful acts were in direct contradiction to any policy, rule, or regulation of DCHA. (Amend. Compl. at ¶ 17). Mr. Jenkins' sole basis for inclusion of DCHA as a defendant in his First Amended Complaint is because of DCHA's status as an instrumentality of the District of Columbia government and the employer of Mr. Nee. DCHA submits that this basis for liability is insufficient to state a valid claim for racial discrimination under 42 U.S.C. § 1983.

42 U.S.C. § 1983 protects any citizen of the United States from deprivation of a right secured by the Constitution and laws of the United States by a person acting under color of state law. *Wheeldin v. Wheeler*, 373 U.S. 647 (1963). Local governments, municipalities, and individual municipal agents acting in their official capacities may be liable for violations of § 1983. *Monnell v. Department of Social Services*, 436 U.S. 658 (1978). However, the United States Supreme Court has repeatedly held that a municipality may only be held liable for acts

that it officially sanctioned or ordered or where the deprivation of rights occurred as a result of a custom or policy of the municipality.  *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997).  Therefore, a plaintiff seeking to impose liability on a municipality under § 1983 is required to identify a municipal policy or custom that caused the plaintiff's injury.  *Id. at 403*.  As such, a municipality and its instrumentalities may not be held liable for violation of § 1983 under a theory of *respondeat superior.  Id.; see also Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985); *St. Louis v. Praprotnik*, 485 U.S. 112, 122  (1988); *Canton v. Harris*, 489 U.S. 378, 392 (1989).

Mr. Jenkins has repeatedly alleged that he was the subject of racial discrimination at the hands of Mr. Nee, imposing additional duties and obligations that were inconsistent the policies, regulations or rules of DCHA.  Where Mr. Jenkins does not allege any facts alleging that DCHA directly or intentionally deprived him of his rights by its customs or policies, Plaintiff seeks to impose liability upon DCHA, which it identifies as an instrumentality of the District of Columbia government, merely because of its position as Mr. Nee's employer.  DCHA submits that, under the standard of *Board of County Comm'rs of Bryan County v. Brown* and its progeny, such a theory of liability is not permissible in the context of a claim under § 1983.  Thus, Claim Three of Jenkins' First Amended Complaint must be dismissed as a matter of law.

  **C.**  **Plaintiff does not allege any purposeful intent to discriminate by DCHA necessary to state a claim under 42 U.S.C. § 1981.**

Plaintiff also fails to plead a *prima facie* case as to DCHA's liability for violations of his rights under 42 U.S.C. § 1981.

42 U.S.C. § 1981 guarantees freedom from racial discrimination in the making, enforcement, performance, modification, and termination of contracts.  § 1981 also guarantees enjoyment of all privileges, terms, and conditions of the contractual relationship.  To state a

5

claim of discrimination under § 1981, a plaintiff must allege that he was deprived of his rights because of racial discrimination. In other words, he must allege that he was deprived of a right which, under similar circumstances, would have been accorded to a person of a different race. Moreover, the plaintiff must allege that there was a purposeful intent to discriminate in order to establish a *prima facie* case. *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375 (1982). A plaintiff may not state a valid claim where they cannot present sufficient evidence to allow a jury to conclude that the defendant's actions were motivated by racial considerations. *Id.*

As stated above, Plaintiff alleges that the discriminatory actions against him were solely committed by Mr. Nee, in direct contrast to the rules and regulations of DCHA. As such, he fails to allege any facts in his First Amended Complaint attributing any independent intention of DCHA to deprive him of his constitutional rights. Moreover, even assuming *arguendo*,[1] that DCHA may be held liable for violations of § 1981 strictly upon the basis of *respondeat superior*, Plaintiff fails to specify such a theory as the basis of his § 1981 claim as opposed to his claims for § 1983 and intentional infliction of emotional distress. Where, Plaintiff has failed to allege an intention of DCHA to discriminate against him on the basis of his race by policy, custom, or direction, Mr. Jenkins third Claim must fail as a matter of law.

---

[1] In *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* while the United States Supreme Court was presented with *respondeat superior* as a basis for liability to hold the employers liable for the allegedly wrongful actions of a union, the Court declined to conclude that such a theory is a permissible basis for liability. Instead, the Court found that there was an insufficient basis for concluding that the requisite agency relationship existed between the two entities necessary to support *respondeat superior* as an applicable theory in the first place.

6

> **D.    Plaintiff does not allege any intent or independent conduct by DCHA necessary to establish a *prima facie* case of intentional infliction of emotional distress.**

Similar to the Constitutional claims discussed above, Mr. Jenkins fails to allege any independent conduct or intent on the part of DCHA necessary to establish a *prima facie* case of the intentional infliction of emotional distress, an intentional tort.

To recover damages for the tort of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress. *Darrow v. Dillingham & Murphy, LLP,* 902 A.2d 135, 139 (D.C. 2006) (citing, *Howard Univ. v. Best,* 484 A.2d 958, 985 (D.C. 1984)). While an employer may be held responsible for the negligent acts of an employee under the doctrine of *respondeat superior*, appellate courts have declined to hold an employer vicariously liable for the intentional torts of an employee, committed solely for the accomplishment of his own malicious personal reasons. *Phelan v. City of Mount Rainier,* 805 A.2d 930, 937 (D.C. 2002) (*citing District of Columbia v. Coron*, 515 A.2d 435, 437 (D.C. 1986)). This distinction is particularly applicable where, as here, a plaintiff is relying solely upon a theory of vicarious liability rather than liability predicated upon the employer's direct negligence. *See e.g., Phelan,* 805 A.2d at 937.

In the case at bar, Plaintiff fails to allege any new facts establishing independent action by DCHA necessary to support a *prima facie* case of intentional infliction of emotional distress. Furthermore, Plaintiff does not allege some direct negligence, negligent supervision or hiring, upon which DCHA may be liable for the alleged commission of an intentional tort of one of its employees. Instead, Mr. Jenkins merely repeats the same alleged actions, claimed to have been committed by Mr. Nee, as stated in his original Complaint, and adds DCHA as a defendant under

7

the theory of *respondeat superior*. Under the well established law in the District of Columbia, such a theory of liability is impermissible when attempting to hold an employer liable for the alleged intentional torts of its employee. Thus, Plaintiff has failed to state a claim upon which relief may be granted and his fourth claim must be dismissed as a matter of law.

**Conclusion**

For the reasons stated herein, Willie M. Jenkins has failed to state a claim upon which relief can be granted against the District of Columbia Housing Authority. First, DCHA, as an instrumentality of the District of Columbia, may not be held liable under 42 U.S.C. § 1983 under a theory of *respondeat superior*. Second, Plaintiff has not alleged any additional facts in his First Amended Complaint supporting the theory that DCHA possessed the requisite intent deprive him of his Constitutional rights under 42 U.S.C. § 1981. Third, Plaintiff has not alleged any theory of liability upon which DCHA may be liable for the alleged intentional tort of its employee, intentional infliction of emotional distress, other than the impermissible theory of *respondeat superior*. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Willie M. Jenkins' First Amended Complaint against the District of Columbia Housing Authority must be dismissed as a matter of law.

[SIGNATURE PAGE FOLLOWS]

                                          Respectfully submitted,

Dated: June 6, 2008

                                          */S/: Curtis A. Boykin*
                                          _____
                                          Frederick A. Douglas, Esq. Bar No. 197897
                                          Curtis A. Boykin, Esq. Bar No. 444120
                                          Robert Dillard, Esq. Bar No. 492948
                                          Douglas & Boykin PLLC
                                          1850 M Street, NW Suite 640
                                          Washington, D.C.  20036
                                          (202) 776-0370
                                          (202) 776-0975 fax
                                          *Counsel for Defendants*

Case 1:07-cv-01003-HHK    Document 16    Filed 06/06/2008    Page 13 of 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WILLIE M. JENKINS**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No: |
| | ) 1:07-cv-01003-HHK |
| **JOSEPH H. NEE**, *et al.*, | ) |
| *Defendants*. | ) |

**ORDER**

Upon consideration of Defendant District of Columbia Housing Authority's ("DCHA") Motion to Dismiss, any opposition thereto, it appearing to the Court that Plaintiff Willie M. Jenkins' has failed to state a claim upon which relief may be granted against DCHA, it is this

____ day of _____, hereby

ORDERED that DCHA's Motion to Dismiss be and hereby is GRANTED; and it is further

ORDERED that DCHA be and hereby is DISMISSED from the above-captioned case.

_____
Judge Henry Kennedy

Copies to:

Frederick A. Douglas, Esq.  
Curtis A. Boykin, Esq.  
Douglas & Boykin PLLC  
1850 M Street, NW Suite 640  
Washington, D.C.  20036  

Laura E. Jordan, Esq.  
Law Offices of Laura E. Jordan, P.C.  
4702 Wisconsin Ave., NW  
Washington, DC 20016

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **WILLIE M. JENKINS**, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) ) | Civil Action No: 1:07-cv-01003-HHK |
| **JOSEPH H. NEE**, *et al.,* | ) ) ) | |
| *Defendants.* | ) ) | |

**ORDER**

Upon consideration of Defendant District of Columbia Housing Authority's ("DCHA") Motion to Dismiss, any opposition thereto, it appearing to the Court that Plaintiff Willie M. Jenkins' has failed to state a claim upon which relief may be granted against DCHA, it is this

____ day of _____, hereby

ORDERED that DCHA's Motion to Dismiss be and hereby is GRANTED; and it is further

ORDERED that DCHA be and hereby is DISMISSED from the above-captioned case.

_____

Judge Henry Kennedy

Copies to:

| | |
|---|---|
| Frederick A. Douglas, Esq. | Laura E. Jordan, Esq. |
| Curtis A. Boykin, Esq. | Law Offices of Laura E. Jordan, P.C. |
| Douglas & Boykin PLLC | 4702 Wisconsin Ave., NW |
| 1850 M Street, NW Suite 640 | Washington, DC 20016 |
| Washington, D.C.  20036 | |