IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIE M. JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSEPH H. NEE,<br><br>        Defendant. | Civil Action No:<br>1:07-cv-01003-HHK |

## PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OF THE DISTRICT OF COLUMBIA HOUSING AUTHORITY

Plaintiff Willie Jenkins, by and through undersigned counsel, hereby submits his opposition to the motion of the District of Columbia Housing Authority ("DCHA") to dismiss plaintiff's complaint, and in support thereof, respectfully states as follows:

DCHA's motion sets forth the relevant standard governing a Rule 12(b)(6) motion to dismiss. A pleading must also be "construed as to do substantial justice." Fed.R.Civ.P. 8(f). As noted by this Court in *Genentech, Inc. v. Bowen*, 676 F.Supp. 301, 308 (D.D.C. 1987):

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. * * * Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of

> pleading is to facilitate a proper decision on the merits (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (internal citations omitted)).

To construe the complaint in the manner DCHA seeks would violate substantial justice and allow DCHA to escape an adjudication of its actions.

**I.    Plaintiff's § 1983 Claim Against DCHA**

DCHA correctly states that *respondeat superior* is an insufficient basis to hold DCHA liable for Mr. Nee's illegal actions toward Mr. Jenkins. *See, e.g., Bd. Cty. Comm'r of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Instead, a plaintiff in a § 1983 case must identify a municipal policy or custom resulting in a deprivation of plaintiff's rights.

> Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

*Bryan County, supra*, 520 U.S. 397, ____, 137 L.Ed.2d 626, ____ (internal citaitions omitted).

Under the *Bryan County* and notice pleading standards, Mr. Jenkins has sufficiently alleged a policy or custom of DCHA to sustain his § 1983 claim against DCHA. Paragraphs 28-32 of Mr. Jenkins' amended complaint set forth his § 1983 claim against DCHA. DCHA's customs and policies are found in paragraphs 1-27, in *toto*. Specifically, paragraphs 14-17 set forth the actions for which DCHA is liable. Paragraph 4, which provides that "[e]ach and all of the acts alleged herein were done by the defendants under the color and pretense of state law,

statutes, ordinances, regulations, or *customs*"(emphasis added), makes clear that the unlawful acts specified later in the amended complaint constitute policies or customs of DCHA.

Under notice pleading principles, the allegations of the amended complaint with respect to § 1983 are sufficient. DCHA is aware of the custom and policy for which Mr. Jenkins alleges it should be liable under § 1983, and Mr. Jenkins has sufficiently stated a cause of action against DCHA upon which relief may be granted. Accordingly, Mr. Jenkins' § 1983 claim against DCHA should stand.

II.     **Plaintiff's § 1981 Claim Against DCHA**

The arguments supporting the sufficiency of Mr. Jenkins' § 1983 claim against DCHA support the sufficiency of his § 1981 claim as well. In the interests of economy, those arguments will not be repeated here but are incorporated as if fully restated herein.

DCHA's additional argument under § 1981, namely, that Mr. Jenkins has not specified *respondeat superior* as a basis for DCHA's liability under § 1981, is simply not borne out by the amended complaint. Paragraph 7 thereof clearly states that DCHA is liable for the acts alleged therein either directly or under *respondeat superior*. It is of no moment to argue that *respondeat superior* is not set forth in the body of Mr. Jenkins' § 1981 claim, as that claim incorporates by reference all previous paragraphs, including paragraph 7.

Accordingly, Mr. Jenkins' § 1981 claim against DCHA should stand.

III.    **Plaintiff's Infliction of Emotional Distress Claim Against DCHA**

DCHA's arguments with respect to Mr. Jenkins' infliction of emotional distress claims must fail. For the reasons set forth above in support of plaintiff's § 1981 and § 1983 claims, Mr. Jenkins has alleged independent conduct by DCHA sufficient to support an intentional tort.

DCHA's argument in support of its contention that Mr. Jenkins' intentional infliction of emotional distress claim should be dismissed rests chiefly on its underlying argument that Mr. Jenkins has alleged no independent action by DCHA.  However, as shown above, Mr. Jenkins has.

Mr. Jenkins respectfully directs the Court's attention to his arguments, above, in support of his argument that his complaint adequately alleges independent action sufficient to establish independent liability on DCHA's part in connection with his § 1981 and § 1983 claims.  Those points will not be repeated and belabored here.  However, they are equally valid to show that in addition to Mr. Nee's own "malicious personal reasons," DCHA Motion To Dismiss at 7, for acting unlawfully against Mr. Jenkins, DCHA acted independently and unlawfully in furtherance of its own illegal and unconstitutional policies such that separate liability may be established.  *Phelan v. City of Mount Rainier*, 805 A.2d 930 (D.C. 2002).

## Conclusion

For the foregoing reasons, Mr. Jenkins respectfully requests that DCHA's motion be denied.

                    Respectfully submitted,

                    ____ */s/ Laura E. Jordan* _____
                    Laura E. Jordan, Esq., Bar No. 416707
                    Law Offices of Laura E. Jordan, P.C.
                    4702 Wisconsin Ave., NW
                    Washington, DC 20016
                    202-244-4600
                    Facsimile:  202-244-4657
                    Counsel for Plaintiff Willie M. Jenkins

Certificate of Service

      I hereby certify that a copy of the foregoing was served on Frederick A. Douglas, Esq., Curtis A. Boykin, Esq., Robert Dillard, Esq., Douglas & Boykin PLLC, 1850 M Street, NW Suite 640, Washington, DC 20036, counsel for Joseph Nee and the District of Columbia Housing Authority, this July 14, 2008 via the ECF system.

      _____ */s/ Laura E. Jordan* _____
Laura E. Jordan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE M. JENKINS, ) ) Plaintiff, ) ) v. ) ) JOSEPH H. NEE, ) ) Defendant. ) | Civil Action No: 1:07-cv-01003-HHK |

**ORDER**

Upon consideration of the District of Columbia Housing Authority's motion to dismiss, the arguments in support thereof and in opposition thereto, it is hereby

ORDERED that the motion be, and hereby is, DENIED.

ENTERED this _____ day of July, 2008.

_____
The Honorable Henry H. Kennedy, Jr.
United States District Court Judge

Copies:

Laura E. Jordan, Esq.
Law Offices of Laura E. Jordan, P.C.
4702 Wisconsin Ave., NW
Washington, DC  20016

Frederick A. Douglas, Esq.
Curtis A. Boykin, Esq.
Robert Dillard, Esq.
Douglas & Boykin, PLLC
1850 M Street, NW, Suite 640
Washington, DC  20036