IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIE M. JENKINS**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No: |
| | ) 1:07-cv-01003-HHK |
| **JOSEPH H. NEE**, *et al.*, | ) |
| *Defendants.* | ) |

### REPLY TO PLAINTIFF'S OPPOSITION TO DISTRICT OF COLUMBIA HOUSING AUTHORITY'S MOTION TO DISMISS

The District of Columbia Housing Authority (hereinafter "DCHA"), through undersigned counsel, submits the instant Reply to Plaintiff's Opposition to District of Columbia Housing Authority's Motion to Dismiss and states as follows:

**A.   Plaintiff's 42 USC § 1983 Claim Against DCHA**

Plaintiff, Willie Jenkins ("Mr. Jenkins" or "Plaintiff") claims that, in order to sustain a 42 U.S.C. § 1983 (hereinafter "§ 1983") claim against DCHA, he must merely identify a municipal policy or custom resulting in a deprivation of Plaintiff's rights. In support of his argument, he offers merely the broad assertion that the alleged actions of Joseph Nee, an employee of DCHA, were committed under the authority of the "policies or customs of DCHA." DCHA disagrees that Plaintiff has adequately pled a claim that the Authority *deliberately* acted, or caused others to act, by way of an identifiable policy or custom, in a manner depriving Mr. Jenkins of his federally guaranteed rights under § 1983. Moreover, Plaintiff has not alleged that DCHA was the moving force behind his alleged injury beyond its status as Mr. Nee's employer. Mr. Jenkins

1

offers only broad, conclusory allegations stating that the alleged misconduct was carried out consistent with the policies or customs at DCHA. As a result, he fails to identify the objectionable policies or even allege that DCHA's conduct was the driving force behind his claimed injury.

Plaintiff's allegations against DCHA in his Amended Complaint fail to meet the well settled standard for a viable cause of action against a municipal authority under §1983. The standard for determining whether a municipal authority may be held liable for the actions of its officials that are consistent with its policies requires a direct link between the actions of the authority and the alleged misconduct:

> it is not enough for a *§ 1983* plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its ***deliberate*** conduct, the municipality was the **"moving force"** behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Board of the County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 404 (1997) [emphasis added].

It is insufficient to make the broad assertion that the actions of Mr. Nee and DCHA were "done by the defendants under the color and pretense of state law, statutes, ordinances, regulations, or customs" and not identify the custom at issue, but claim that "DCHA is aware of the custom and policy for which Mr. Jenkins alleges it should be liable under § 1983." Plaintiff has failed to identify in his Amended Complaint any custom or policy of DCHA for which it could be liable for the actions of one of its officials, much less allege that DCHA's actions were deliberate and that its custom was the driving force behind the claimed deprivation of rights.

B.   **Plaintiff's 42 USC § 1981 Claim Against DCHA**

In support of his 42 U.S. C. § 1981 claim, Mr. Jenkins further argues that his assertions in support of his claim alleging deprivation of rights under § 1981, as alleged in the Amended Complaint, are based upon both DCHA's independent action and the theory of *respondeat superior*. DCHA disagrees that Plaintiff has sufficiently pled a viable cause of action under §1981.

As with Plaintiff's § 1983 claim, Mr. Jenkins has offered only the broad assertion that Mr. Nee's alleged actions were pursuant to DCHA's policies and/or customs without identifying the policy or custom at issue. It is simply not enough to claim that each action allegedly committed by Mr. Nee, in his personal capacity, also reflects the customs and policies of DCHA upon which to maintain an action against an instrumentality of the District of Columbia government. Even interpreting the allegations of the Amended Complaint in the light most favorable to Plaintiff, Mr. Jenkins has at best alleged that *Mr. Nee* acted culpably rather than showing deliberate conduct on the part of DCHA. *See, Bryan County, 520 U.S. at 406-407 (*"[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably.") Mr. Jenkins must allege some specific, identifiable conduct demonstrating DCHA's intention to deprive him of his federal rights as opposed to merely trying to attribute the independent actions of a single employee to a commonly accepted and followed custom or policy adopted by DCHA. Where Plaintiff has failed to plead such a policy or custom, his Amended Complaint must be dismissed as a matter of law.

Furthermore, the D.C. Circuit does not recognize the right of an individual to bring a damages claim against a state actor directly under 42 U.S.C. § 1981 based upon a theory of *respondeat superior*.[1]  This Circuit has recently adopted the Supreme Court's decision *Jett v. Dallas Indep. School Dist.* for the proposition that the "express cause of action created by § 1983 provides the exclusive federal damages remedy for violation of rights guaranteed by § 1981 when the suit is against a state actor."  *See, Quick Serve Food, Inc. v. Wash. Metro. Area Transit Auth., 2006 U.S. App. LEXIS 28692 (D.C. Cir. 2006) (quoting Jett v. Dallas Indep. School Dist., 491 U.S. 701, 733-735 (1989)).*  Therefore, consistent with the requirements of § 1983, Mr. Jenkins must allege not only a violation of his rights under federal law, but also that a specifically identifiable DCHA custom or policy caused the violation.  As noted above, Plaintiff's Amended Complaint fails to identify any such policy or custom of DCHA aside from his broad assertion that each of Joseph Nee's allegedly wrongful actions were committed "under the color and pretense of state law, statutes, ordinances, regulations, or customs."  While such a broad assertion may be an adequate description of DCHA's authority to carry out its day-to-day functions, it is an insufficient basis upon which to allege that DCHA deliberately deprived Mr. Jenkins' federal rights under 42 U.S.C. § 1981.

C.   **Plaintiff's Intentional Infliction of Emotional Distress Claim Against DCHA**

Similar to his claim alleging deprivation of rights under 42 U.S.C. § 1983, Plaintiff has failed to allege any specific, independent conduct by DCHA sufficient to sustain a claim for

---

[1] DCHA acknowledges that, in its initial pleading, it noted that the issue of whether *respondeat superior* is a permissible basis for liability under § 1981 appeared to be unsettled.  However, further review of this issue as it pertains to the District of Columbia Circuit revealed the Court of Appeals' unpublished opinion in *Quick Serve Food, Inc. v. Wash. Metro. Area Transit Auth.*, 2006 U.S. App. LEXIS 28692 (D.C. Cir. 2006).  DCHA submits that this additional authority clarifying the issue of whether Plaintiff may bring a cause of action directly under § 1981 based upon *respondeat superior* and deciding in the negative is pertinent to this Court's decision regarding the instant Motion and should therefore be considered.

4

intentional infliction of emotional distress.  Rather, Mr. Jenkins merely offers the broad, conclusory allegation that "DCHA acted independently and unlawfully in furtherance of its own illegal and unconstitutional policies such that separate liability may be established." *Opposition at p. 4.*  Plaintiff's argument appears to rest upon those offered in support of its claims for deprivation of rights under 42 U.S.C. §§ 1981 and 1983.  However, the substance of the Amended Complaint does not contain **any** assertions differentiating the actions of DCHA from those of Joseph Nee, or that Mr. Nee was acting under an identifiable policy or commonly accepted custom in place at the Authority.

All of the actions alleged by Plaintiff in ¶ 17 of his Amended Complaint forming the basis for his claim of intentional infliction of emotional distress are alleged to have been committed by Joseph Nee in his *individual capacity*. *See, Amended Complaint at ¶ 17*. Noticeably absent from the Amended Complaint are allegations of any actions, policies, customs or otherwise attributable to DCHA which would form an independent basis for liability on the part of DCHA.  In the absence of the necessary alleged independent actions, policies, or customs by DCHA, Mr. Jenkins is clearly relying upon *respondeat superior* as the basis for holding DCHA liable for this intentional tort, an impermissible basis for liability.  Mr. Jenkins' conclusory statements in his Opposition arguing that he had alleged independent conduct or policies by DCHA, intended to defeat DCHA's Motion for Dismissal, do not change this fact and the Court should dismiss this claim accordingly.

Wherefore the District of Columbia Housing Authority respectfully requests this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted and grant such further relief as it deems proper.

                    Respectfully submitted,

Dated: July 21, 2008

                    /s/ Robert L. Dillard

                    Frederick A. Douglas, Esq. Bar No. 197897
                    Curtis A. Boykin, Esq. Bar No. 444120
                    Robert Dillard, Esq. Bar No. 492948
                    Douglas & Boykin PLLC
                    1850 M Street, NW Suite 640
                    Washington, D.C.  20036
                    (202) 776-0370
                    (202) 776-0975 fax
                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July, 2008, a true and correct copy of the foregoing Reply to Plaintiff's Opposition to District of Columbia Housing Authority's Motion to Dismiss was sent, via electronic service, to:

        Laura E. Jordan, Esq.
        Law Offices of Laura E. Jordan
        4702 Wisconsin Ave., NW
        Washington, DC 20016
        *Counsel for Plaintiff*

                  **/s/** Robert L. Dillard

                  Robert L. Dillard